UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER JOSEPH and ANA DAURO,
and those others that are similarly situated

    Plaintiffs,

v.

FAMILY PRESERVATION SERVICES OF
FLORIDA, INC.

    Defendant,

_____/

Case No.:_____

COLLECTIVE ACTION

## COMPLAINT FOR UNPAID OVERTIME WAGES LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS [29 U.S.C.§§ 206, 207, 216(b)];

Plaintiffs, CHRISTOPHER JOSEPH, ANA DAURO, and @@3 (hereinafter "Plaintiffs"), collectively and on behalf of all others similarly situated, bring this collective action against FAMILY PRESERVATION SERVICES, INC. (hereafter referred to as FAMILY PRESERVATON or "DEFENDANT") and allege:

### Jurisdiction and Venue

1)     Plaintiffs bring this Complaint contending that Defendant failed to properly pay overtime compensation to its employees who worked in the position of Family Case Manager, which may also be known as Family Service Counselor, Case Manager, Intake Specialist, Dependency Case Manager, Adoption Care Manager, Adoption Specialist or Prevention Specialist (hereinafter referred to collectively as "Case

Manager"), as required by the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("the FLSA"). This court has jurisdiction under 28 U.S.C. §§ 1331, 1337.

2) Venue is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant's primary place of business is in this district and/or the Defendant regularly conducts business in this district.

## Nature of the Case

3) This action is brought to recover unpaid compensation owed to Plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA, 29 U.S.C. § 201 et seq. for at least three years prior to the filing of this complaint and continuing presently ("liability period"), Defendant has had a policy of consistently requiring their employees, including Plaintiffs, to work without paying them compensation and overtime compensation for work in excess of forty (40) hours per week as required by the FLSA. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation and overtime compensation, and equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S. C. § 216(b).

## Parties

4) Plaintiffs were or are employed by the Defendant and performed work within the State of Florida.

5) Plaintiff, CHRISTOPHER JOSEPH, is a resident of the State of Florida and was employed by the Defendant in the State of Florida. The Plaintiff worked as a Case Manager for the Defendant to approximately April of 2010. As a Case Manager,

Plaintiff, CHRISTOPHER JOSEPH, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

6) Plaintiff, ANA DAURO, is a resident of the State of Florida and was employed by the Defendant as a Case Manager in the State of Florida. The Plaintiff worked as a Case Manager for the Defendant until approximately January of 2010. As a Case Manager, Plaintiff, ANA DAURO, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

7) Plaintiffs bring this action on behalf of themselves and all other similarly situated Case Managers employed by Defendant.

8) It is Plaintiffs' information and belief that other Case Managers employed by the Defendant regularly worked in excess of 40 hours per week, but were not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

9) There are estimated to be at least approximately 150 other Case Managers employed by Defendant in the preceding three years in Florida.

10) The Defendant, FAMILY PRESERVATION SERVICES, INC. (hereafter referred to as "FAMILY PRESERVATION), is a Florida Non Profit Corporation and transacts business in the State of Florida, including Dade County.

11) Defendant, FAMILY PRESERVATION is the Plaintiffs' "employer" within the meaning of the FLSA.

12) FAMILY PRESERVATiON supervises or has operational control over the Plaintiffs and FAMILY PRESERVATION other employees in the State of Florida.

13) The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

14) The Plaintiffs were at all material times, employed by the Defendant in Florida and were/are covered employees of the Defendant, within the meaning of the FLSA.

## FACTUAL BACKGROUND

15) Defendant, FAMILY PRESERVATON SERVICES, INC., is a contractor working in partnership with the Department of Children and Families (DCF) to provide an array of foster Case and related services in coordination with other contractors and parties such as DCF, service providers, foster parents, agency stakeholders, and the community working together to implement the legislative mandate for community based Case. Service include case management for out of home and in home placements; foster home recruitment, training, recommendation for licensure, and support; adoption support; independent living program; dependency court resource facilitation; sub-contract management; and other related Service to abused and neglected children and their families. Defendant is a service provider who has entered into a contractual agreement with DCF, or is otherwise associated with DCF, to provide community based Case services for DCF.

16) Plaintiffs, other Case Mangers, and those similarly situated work to execute the work of and directly serve the customers of the Defendant in the communities.

17) Plaintiffs, other Case Mangers, and those similarly situated employees are paid by the Defendant on a salary basis and are/were frequently and regularly required to work in

excess of forty (40) hours in a work week without additional compensation or overtime compensation.

18) Plaintiffs, other Case Mangers, and those similarly situated employees are and at all times have been, "non-exempt" employees within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor, even though they have been incorrectly categorized as "exempt" by the Defendant.

19) Defendant were well aware of the overtime work hours worked by Plaintiffs, other Case Mangers, and those similarly situated, yet did not pay these employees overtime compensation as required by the FLSA.

## Collective Action FLSA Allegations

20) Plaintiffs bring this case as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorney's fees and costs, and damages owed to Plaintiffs and all similarly situated employees of the Defendant.

21) The Defendant has regularly employed all their Case Managers, including the Plaintiffs, in excess of forty hours in a workweek.

22) The Defendant has regularly not paid their Case Managers, including the Plaintiffs, at a rate of one and one half times their regular rate of pay for all the hours worked in excess of 40 hours in a workweek.

23) The Defendant's Case Mangers have similar job requirements to those of the Plaintiffs. They must provide for the safety and well being of foster children; prepare reports to assist the courts in formulating Case and protection plans for children in the communities; carry the court's plan into the committee and attempt to implement the

plan; investigate and inspect the children's living arrangements to ensure they are provided with a safe environment which complies with the court's plan; and respond to and document threats to the children's well being.

24) The Defendant's similarly situated Case Mangers are paid under the same policy as the Plaintiffs which classifies the Case Managers as "exempt" employees for overtime purposes under the FLSA.

25) The Defendant has engaged in a pattern and practice of violating § 207 of the FLSA with respect to the Plaintiffs and their Case Managers by failing and refusing to pay overtime pay to similarly situated Case Managers.

26) The class of similarly situated persons on whose behalf the case is brought (hereinafter "class") consists of:

> All persons who are currently, or who were employed during the three (3) year period immediately preceding the filing of this Complaint in the position of "Family Case Counselor", Family Service Counselor, Prevention Specialist, Adoption Care Manager, Adoption Specialist, Intake Specialist, Dependency Case Manager or "Case Manager" for the Defendant, directly or through one of its subsidiaries or affiliated companies.

20) Plaintiffs estimate that there are over 150 members in the Class in Florida. The precise number of Plaintiffs can be easily ascertained by Defendant through the use of payroll and personnel records. Given the composition and size of the class, members of the class may be informed of the pendency of this action through direct mail.

21) This action is properly maintained as a collective action because Plaintiffs and the Class members are similarly situated with respect to the overtime violations alleged in this Complaint.

22) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 as to claims for unpaid minimum and/or overtime wages, liquidated damages, costs, and attorney's fees.

23) Plaintiffs request that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in to this action under 29 U.S.C. § 216 for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and other relief requested herein.

24) Plaintiffs and members of the Class were, at all times during the violation period, classified by the Defendant as exempt under the FLSA and were not paid overtime wages for any hours worked in excess of forty in a work-week.

25) Plaintiffs and members of the Class were required and/or permitted to work in excess of forty hours in a work-week, but where not paid the proper overtime rate for all hours worked in excess of forty in a work-week. The Plaintiffs are entitled to compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

26) Defendant knew and was aware at all times that Case Managers worked in excess of forty hours in a workweek. Defendant purposefully, intentionally, and wrongly classified the Plaintiffs as exempt from overtime. Defendant knew, or showed reckless disregard for, the fact that its failure to pay overtime compensation was in violation of the FLSA.

27) Defendant has failed to maintain accurate records of the hours worked by the Plaintiffs and all other Case Managers in violation of the FLSA and encouraged and directed Plaintiffs, and those similarly situated to record no more than forty (40) hours in a workweek.

28) The Defendant managed the work that the Plaintiffs and Class members performed, the hours worked, and dictated, controlled, and ratified compensation policies applied to the Plaintiffs and Class members.

29) The Defendant's compensation policies are uniform amongst all Case Managers and disseminated by senior management.

## Count One - Violation of 29 U.S.C. § 207 and § 216(b)

39) The allegations of the preceding paragraphs are incorporated by reference herein.

40) Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours in a work-week at a rate not less than one and one-half times the regular rate of pay.

41) The Defendant employed Plaintiffs, and those similarly situated, in excess of forty (40) hours in a work-week without paying them at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA and thus have violated the right of the Plaintiffs', and those similarly situated, under § 207 of the FLSA and 29 C.F.R. 541.3. Plaintiffs, and those similarly situated, were paid on a salary basis regardless of the number of hours worked in a work week.

42) As a consequence of the Defendant's violation of the FLSA, the Plaintiffs are entitled to one and one half times their regular rate of pay for all hours they worked in excess of forty hours in a work-week within the three years preceding the filing of this lawsuit, or the three years preceding the election to participate by other similarly situated Case Workers. They are also entitled to an equal amount of money as liquidated damages under the FLSA

43) The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

44) Because of Defendant's actions, Plaintiffs have had to retain counsel and are entitled to recover their attorneys' fees and costs connected with this suit.

45) As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated persons have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

WHEREFORE, Plaintiffs pray that this Court:

    a) Certify a Collective Action or Actions;

    b) Order that Defendant file with this court, and with Plaintiffs' counsel, a list of all names and addresses of all Case Managers, Family Case Counselor, Family Service Counselor, Prevention Specialist, Adoption Specialist, Intake Specialist, or Dependency Case Manager employed by Defendant during the violation period and authorize Plaintiffs' counsel to issue notice to those persons at the earliest possible time informing them of the filing of this action,

the nature of the action, and of the right to "opt-in" to the action if the person falls within the Class definition.

c) Enter judgment enjoining the Defendant from engaging in the practices complained of herein;

d) Declare that Defendant have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiffs and Class members;

e) Declare that Defendant's violations of the FLSA was willful and not in good faith;

f) Enter judgment awarding Plaintiffs and Class members unpaid overtime compensation and an additional equal amount as liquidated damages;

g) Enter judgment awarding Plaintiffs and Class members reasonable attorneys' fees and costs;

h) Award pre and post-judgment interest as allowed by law;

i) Grant Plaintiffs and Class members leave to amend to add additional Plaintiffs by motion, the filing of consent forms, or any other method of proof by the Court; and

j) Grant such other relief which this Court deems just and proper.

Respectfully Submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT
Fla. Bar No.: 0154784
The Law Office of Jeremiah J. Talbott, P.A.
245 E. Intendencia Street
Pensacola, Florida 32502
JJ@Talbottlawfirm.com
(850) 437-9600
(850)437-0906 (fax)


*/s/ Sean P. Culliton*
SEAN P. CULLITON
Florida Bar # 0986232
Sean Culliton, Esq., LLC
2108 Delta Way
Tallahassee, Florida 32303
Sean.culliton@gmail.com
850-385-9455
850-906-9455 (fax)


And


*/s/ John C. Davis*
JOHN C. DAVIS, ESQ.
Fla Bar No: 827770
Law Offices of John C. Davis
623 Beard St
Tallahassee, Florida 32303
john@johndavislaw.net
(850)-2224770
(850)-2223119 (fax)

*Attorneys for the Plaintiffs*